Justice Stevens, Circuit Justice.
The Court of Appeals for the Sixth Circuit has entered a stay of a District Court order enjoining enforcement of a city of Cincinnati ordinance, and plaintiffs have filed a motion with me as Circuit Justice seeking an order vacating that stay. As did the District Court, the Court of Appeals states that the ordinance in question “reserves the exclusive use of Fountain Square to the City” for the 7-week period beginning today. No. 02-4340 (CA6, Nov. 27, 2002), p. 1. Though the city has filed a narrowing interpretation of this ordinance with me, for the purposes of the present motion I accept the construction of the ordinance by the courts below (who also had the benefit of this narrowing interpretation) even if I might have arrived at a different conclusion without such guidance. See Bishop v. Wood, 426 U. S. 341, 345-346 *1340 (1976). Under the District Court’s reading, the ordinance is significantly broader than a reservation of the exclusive right to erect unattended structures in the square during this period of high use, which I assume the city could have reserved to itself. Given the square’s historic character as a public forum, under the reasoning in this Court’s decision in Capitol Square Review and Advisory Bd. v. Pinette, 515 U. S. 753 (1995), I think the District Court correctly enjoined the city from enforcing “those portions” of the ordinance “which give the City exclusive use of Fountain Square” for the next seven weeks. No. C-1-02-840 (SD Ohio, Nov. 27, 2002), p. 21. It follows, I believe, that the Court of Appeals’ stay should be vacated.

It is so ordered.